### 30383.   BRUNDAGE *v.* THE STATE.

DECIDED FEBRUARY 24, 1944.

*M. F. Adams, S. T. Wingfield,* for plaintiff in error.
*C. S. Baldwin Jr., solicitor-general,* contra.

MacIntyre, J.   The defendant was indicted for murder, and found guilty of manslaughter.   His motion for a new trial was overruled, and he excepted.

The defendant contends that the evidence does not show that he "shot and *killed* one Rowe with a pistol," as charged in the indictment.   The defendant himself, in his statement to the jury, said: "I shot him and he fell.   I turned around and went back on the porch. . . I shot him on the 16th and he died on the 21st, that Friday."   The evidence showed that the defendant shot Rowe with a pistol, and that Rowe immediately fell to the ground.   A witness who was present at the shooting testified: "I don't know where he was shot.   I looked but I couldn't see, blood was all around his mouth. . . When John Rowe got shot he went to the ground almost time the pistol fired.   He did not walk or move anywhere

after he was shot before he got on the ground. He just fell right there, the minute he pulled the trigger. He bled some there on the ground. We picked him up from there and carried him to the doctor, he got up partly, but he couldn't straighten up so well. We did not have to tote him. He walked to the car. The only pool of blood that was made was where he fell, except what was on my car seat." He also testified that the blood in the car came from the deceased as he was being carried to the doctor; that from the doctor's they carried him to his home; that "I don't know how long John Rowe lived after he was shot. He lived a day or two, or two or three days. He died from that shot a day or two later;" that he did not see John Rowe die. "I saw his body after he was dead. I went there that morning when he died." There was no evidence which even hinted that anything other than the wound inflicted by the defendant caused Rowe's death. "It is not necessary that the body of the deceased should furnish the evidence of the fact that death was caused by criminal means. The admissions, statements, and acts of the accused, or any other competent proof, is admissible and proper to show that death was not due to natural sickness, suicide, or accident, but to some criminal agency." *Hicks* v. *State,* 66 *Ga. App.* 577 (2) (18 S. E. 2d, 637). It is not incumbent upon the State to show that it was impossible for the defendant to have died from natural sickness, suicide, or accident, but it is sufficient if the State shows the jury to a moral and reasonable certainty and beyond a reasonable doubt that the wound caused the death. The evidence authorized the jury to find that Rowe was shot with a pistol by the defendant, and that there was no rational ground for doubt that death was caused by the wound so inflicted, though no expert testified thereto. *Long* v. *State,* 60 *Ga. App.* 517, 519 (4 S. E. 2d, 75) ; Dunn *v.* State (Ind.), 67 N. E. 940; *Wrisper* v. *State,* 193 *Ga.* 157, 161 (17 S. E. 2d, 714) ; *Buckhanon* v. *State,* 151 *Ga.* 827 (108 S. E. 209) ; *Peters* v. *State,* 67 *Ga.* 29. We think that the evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*