31975.   HEATH *v.* THE STATE.

DECIDED MAY 21, 1948.

130

*M. G. Hicks, J. L. Wallace, W. T. Maddox,* for plaintiff in error.
*E. J. Clower, Solicitor-General,* contra.

MacIntyre, P. J.   It is not incumbent upon the State to show that it was impossible for the deceased to have died from natural sickness, from spontaneous clogging of the arteries, or from the former injury which occurred over two months prior to the occurrence of the injuries here in question.   If the State shows the jury to a moral and reasonable certainty and beyond a reasonable doubt that the injuries here in question caused the death, it is sufficient.   *Brundage* v. *State,* 70 *Ga. App.* 696 (29 S. E. 2d, 316) ; *Peters* v. *State,* 67 *Ga.* 29; *McLain* v. *State,* 71 *Ga.* 279; *Buckhanon* v. *State,* 151 *Ga.* 827 (108 S. E. 209) ; *Wrisper* v. *State,* 193 *Ga.* 157, 161 (17 S. E. 2d, 714) ; *Weaver* v. *State,* 200 *Ga.* 598

(37 S. E. 2d, 802); *Wells* v. *State,* 46 *Ga. App.* 412 (167 S. E. 709); *Hicks* v. *State,* 66 *Ga. App.* 577 (2) (18 S. E. 2d, 637); People *v.* Holmes, 118 Cal. 444 (50 Pac. 675).

As to what in fact was the immediate cause of the death of the deceased—the pulmonary embolism—the evidence was not conflicting. Assuming that it can be said that the cause of the pulmonary embolism either was a spontaneous clogging of the arteries or was the former injury which happened a little more than two months before the injuries to the deceased on May 5, the jury was not bound to adopt the hypothesis of either of these causes. As to the first hypothesis above—a spontaneous clogging of the arteries—there was introduced no evidence which would tend to establish it; and as to the second—the former injury—the medical testimony, with the other circumstances, authorized the jury to find that the facts did not fit the hypothesis that it caused the death. The medical testimony clearly left the question with the jury to decide whether the pulmonary embolism was wholly disassociated from the occurrence of May 5, or was caused by the injuries inflicted upon the deceased by the defendant on that day. The jurors having found the origin of the pulmonary embolism to be the treatment received by the deceased at the hands of the defendant and his associates, we cannot say that they erred in reaching that conclusion; and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*